UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ELIEZER TAVERAS,**

   **Plaintiff,**

v.               **Case No: 6:19-cv-1394-Orl-41EJK**

**MARGARET H. SCHREIBER,**

   **Defendant.**
               /

### ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss ("Motion," Doc. 25) and Plaintiff's Response in Opposition (Doc. 26). For the reasons stated herein, the Motion will be granted.

### I. BACKGROUND

This case arises from an ongoing state court foreclosure action in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida. (Compl., Doc. 1, at 2–3). Plaintiff, a United States citizen domiciled in Spain, is a defendant in the underlying state court proceeding, and Defendant is the presiding state court judge. (*Id.*). Plaintiff alleges generally that Defendant violated Plaintiff's constitutional rights in the state court action, causing damages to Plaintiff in the form of emotional distress, litigation costs, and loss of income. (*See generally id.*). Specifically, Plaintiff takes issue with the following actions taken by Defendant in the state court proceeding:

- Denying Plaintiff's Motion to Strike Sham Pleadings without a hearing. (*Id.* at 3–4).
- Setting six monthly case management conferences when Plaintiff is domiciled in Spain. (*Id.* at 4).
- Striking as premature Plaintiff's Second Motion to Strike Sham Pleadings without a hearing. (*Id.* at 5).
- Advising Plaintiff to hire counsel to represent him. (*Id.* at 6).

Plaintiff requests declaratory and injunctive relief as well as monetary damages. (*Id.* at 13–14). Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 25 at 1).

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Generally, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. ANALYSIS

#### A. The Claims

Plaintiff's Complaint asserts five separate counts, each of which appear to confuse what claims may be brought under particular statutes. However, the Court is obligated to liberally construe the claims in the Complaint because *pro se* litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

##### 1. *Federal Tort Claims Act*

Plaintiff cites the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, in Counts I–IV of the Complaint. "[T]he FTCA authorizes claims only against the United States," not individuals or government agencies. *Trupei v. United States*, 304 F. App'x 776, 782 (11th Cir. 2008) (citing 28 U.S.C. § 2679(b)(1)). "And even then, the FTCA does not impose liability based on the conduct of *State* officials except insofar as they might be deemed to be acting as employees of the *federal* government." *West v. Jones*, No. 1:14-cv-02298-JEO, 2015 U.S. Dist. LEXIS 67385, at *20 (N.D. Ala. May 4, 2015) (emphasis in original) (citing *Logue v. United States*, 412 U.S. 521 (1973)); *see also Martinez v. Hall*, No. 6:11-cv-1212-Orl-22DAB, 2011 U.S. Dist. LEXIS 143401, at *12 (M.D. Fla. Dec. 13, 2011). Thus, Plaintiff may not bring any claims against Defendant—a sitting state court judge—under the FTCA. But even assuming *arguendo* that Plaintiff did have a viable FTCA claim, judicial immunity, which is discussed below, applies to FTCA claims. *Wash. Mut. Bank v. Bush*, 220 F. App'x 974, 975–76 (11th Cir. 2007).

##### 2. *Clayton Act*

Plaintiff cites to the Clayton Act, 15 U.S.C. § 12 *et seq.*, in Counts I and III of the Complaint. The Clayton Act is an antitrust statute intended for the protection of unfair competition. *See generally* Am. Jur. 2d Monopolies, Restraints of Trade, Unfair Trade Prac. § 138. Specifically,

Plaintiff references Section 15 of the Clayton Act, which this Court presumes to mean 15 U.S.C. § 15. This provision permits the Court to award prejudgment interest when a party has caused delay of litigation, acted in bad faith, or otherwise increased the cost of litigation—when a person has been injured by a violation of antitrust laws. Plaintiff may not apply this provision for prejudgment interest to any suit unrelated to an alleged violation of antitrust laws, and the Complaint is not related to any such allegation. Therefore, Plaintiff has not stated a viable cause of action pursuant to the Clayton Act.

       3.     *28 U.S.C. § 1927*

Plaintiff relies on 28 U.S.C. § 1927 as the primary basis for this cause of action under Count III of the Complaint.[1] Title 28 of the United States Code governs the federal judicial system. *See generally* 28 U.S.C. § 1 *et seq.* Section 1927 permits the Court to impose monetary liability on "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously." First, a "court of the United States" is defined by Title 28 of the United States Code to include "the Supreme Court of the United States, courts of appeals, [and] district courts . . . , including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior." *Id.* § 451. Thus, § 1927 is only applicable to proceedings in federal court, and this Court is unable to provide relief under this provision for actions taken in a state court. Second, the provision is limited to "[a]ny attorney or other person admitted to conduct cases in [federal courts]." *Id.* § 1927. Defendant is not here as an attorney

---

[1] Plaintiff also cites the FTCA and the Clayton Act under Count III. Both of these have been discussed above.

practicing before this Court. Therefore, Plaintiff has not stated a viable cause of action pursuant to 28 U.S.C. § 1927.

### 4. *42 U.S.C. § 1983*

Plaintiff cites to 42 U.S.C. § 1983 in Counts II and IV of his Complaint. However, Plaintiff also alleges constitutional violations of the Fifth Amendment in Counts II and IV and the Fourteenth Amendment in Counts I–IV. Construing the *pro se* Complaint liberally, *Haines v. Kerner*, 404 U.S. at 520, the Court will consider all allegations in Counts I–IV for a potential claim pursuant to 42 U.S.C. § 1983. "Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law." *Laster v. City of Tampa Police Dep't.*, 575 F. App'x 869, 872 (11th Cir. 2014) (citing 42 U.S.C. § 1983). Here, Plaintiff has alleged that he was deprived of "his due process rights, pursuant to the [F]ifth [A]mendment and Fourteen[th] Amendment of the United States Constitution." (Doc. 1 at 11). Thus, this statute is an appropriate route for Plaintiff to assert his claims against Defendant. *See Sibley v. U.S. Supreme Court*, 136 F. App'x 252, 254 (11th Cir. 2005) ("Litigants may seek injunctive relief for violation of their federal constitutional rights by state judges under 42 U.S.C. § 1983.").

### B. **Immunity**

Defendant argues that judicial immunity and Eleventh Amendment immunity bar all of Plaintiff's claims, and qualified immunity bars Plaintiff's constitutional claims. Defendant also argues that Plaintiff's claims should be dismissed on the basis of *Younger* abstention and/or the *Rooker-Feldman* doctrine. *Younger v. Harris*, 401 U.S. 37 (1971); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Plaintiff argues that its claims

are not barred by any immunity doctrine because he is "seeking to impose individual and personal liability" on Defendant. (Doc. 26 at 4–5).

  *1.*  *Judicial Immunity*

"[A] district court may dismiss a claim based on absolute judicial immunity if it represents an 'obvious bar' based on the allegations in the complaint." *Williams v. Alabama*, 425 F. App'x 824, 825 (11th Cir. 2011). However, the doctrine of judicial immunity must be considered amongst a backdrop of the relief requested by Plaintiff. Here, Plaintiff has requested declaratory and injunctive relief as well as damages. The Court will address the applicability of judicial immunity to each type of relief requested.

  a.  <u>Damages</u>

Judicial immunity from damages under § 1983 applies to a "judge who dealt with the plaintiff in a judicial capacity and did not act in the 'clear absence of all jurisdiction.'" *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). Judicial immunity from damages applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

To assess whether judicial immunity protects Defendant from § 1983 claims seeking damages, the Court must ask whether Defendant "dealt with the plaintiff in a judicial capacity," and whether Defendant acted in "clear absence of all jurisdiction." *Shook*, 237 F.3d at 1325. Here, Plaintiff's claims arise solely from Defendant's actions in presiding over the underlying state court proceeding and the orders entered therein. "Entering a judgment or order is a quintessential judicial function and immunity attaches to it." *Wilson v. Bush*, 196 F. App'x. 796, 799 (11th Cir. 2006).

Additionally, Plaintiff has not alleged that Defendant's actions were taken in clear absence of all jurisdiction, so damages are barred by judicial immunity. *Stump*, 435 U.S. at 356–57.

                b.        <u>Injunctive Relief</u>

At one time the United States Supreme Court held that judicial immunity is not a bar to demands for prospective injunctive relief against state court judges. *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984). But that is no longer the law. Congress abrogated *Pulliam* "in 1996 [when it] enacted the Federal Courts Improvement Act, . . . in which it amended § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *Bolin*, 225 F.3d at 1242. Therefore, for injunctive relief to be available, the Court must determine whether Defendant violated a declaratory decree or whether declaratory relief was unavailable to Plaintiff. Defendant is not alleged to have violated a declaratory degree nor has Plaintiff alleged that declaratory relief is unavailable to him. "As Plaintiff has failed to plead the existence of either of [the statutory] exceptions [allowing for injunctive relief in the face of judicial immunity], the Complaint is subject to dismissal to the extent it seeks injunctive relief." *Pullins v. Haggins*, No. 3:12-cv-987-J-99MMH-MCR, 2012 U.S. Dist. LEXIS 159692, at *11–12 (M.D. Fla. Sep. 12, 2012).

Nor does it appear that Plaintiff could allege these things. "In order to receive declaratory or injunctive relief, [a] plaintiff[] must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005) (quoting *Bolin*, 225 F.3d at 1242). As in *Bolin* and *Lando*, Plaintiff has an adequate remedy at law because Plaintiff may appeal the state court case. *Id.* at 1074; *Bolin*, 225 F.3d at 1242. Plaintiff may also seek an

extraordinary writ in state court. *Bolin*, 225 F.3d at 1243. Thus, pursuant to the exceptions set forth in § 1983, injunctive relief is unavailable to Plaintiff until which point Defendant appeals the state court case, the appellate state court issues a declaratory decree, and Defendant violates that decree.

c. Declaratory Relief

Although it is clear that the rule announced by the Supreme Court in *Pulliam* has been abrogated by Congress, § 1983 still does not explicitly address whether judicial immunity bars requests for declaratory relief. The Eleventh Circuit has provided some guidance on the question, albeit in dicta buried in the footnote of an unpublished decision. *See Esensoy v. McMillan*, No. 06-12580, 2007 U.S. App. LEXIS 2085, at *4 n.5 (11th Cir. Jan. 31, 2007). In *Esensoy*, the Eleventh Circuit noted expressly that judicial immunity, as applied to § 1983 actions, "does not explicitly bar [a] request for declarative relief." *Id.* But because the Eleventh Circuit has made clear that *Pulliam* has been abrogated, this premise based on dicta stands on unstable ground. *See Ray v. Judicial Corr. Servs.*, No. 2:12-CV-02819-RDP, 2014 U.S. Dist. LEXIS 143755, at *9 (N.D. Ala. Oct. 9, 2014) (collecting cases). And "one might argue Congress did not feel the need to explicitly bar claims for declaratory relief because no such exemption from judicial immunity had ever previously been recognized." *Id.* at *13.

However, "[a]t the end of the day, [§] 1983 does not specifically prohibit prospective declaratory relief against [state] court judges. Further, the statute was amended in response to the *Pulliam* opinion, which did not address declaratory relief. Finally, although not binding, everything the Eleventh Circuit has stated on this issue supports the availability of such relief in spite of judicial immunity principles." *Snow v. King*, No. 4:17-cv-1048-VEH, 2018 U.S. Dist. LEXIS 16137, at *14–15 (N.D. Ala. Feb. 1, 2018).

Therefore, in an abundance of caution, the Court will assume *arguendo* that Plaintiff is not barred by judicial immunity from declaratory relief. *See Bolin*, 225 F.3d at 1242. However, as noted above, "[i]n order to receive declaratory or injunctive relief, [a] plaintiff[] must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Id.* (citing *Newman v. Alabama*, 683 F.2d 1312 (11th Cir.1982)). As discussed above, Plaintiff has failed to allege that there is not an adequate remedy at law, nor can Plaintiff do so. Accordingly, declaratory relief is unavailable.

### d. Conclusion

This Court's findings are supported by the policy argument underpinning judicial immunity. "The purpose of judicial immunity is for benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences. . . . [A judge's] errors may be corrected on appeal, but [she] should not have to fear that unsatisfied litigants may hound [her] with litigation charging malice or corruption." *Ray*, 2014 U.S. Dist. LEXIS 143755, at *19 (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Accordingly, Plaintiff's claims are barred by judicial immunity.

### 2. *Eleventh Amendment Immunity*

The Court briefly notes that Eleventh Amendment immunity demands the same result, at least insofar as Defendant is being sued in her official capacity as a state court judge. The Eleventh Amendment "protects a State from being sued in federal court without the State's consent." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003), *cert. denied*, 540 U.S. 1107 (2004). State court judges "are arms of the state for Eleventh Amendment purposes and therefore enjoy immunity from liability on § 1983 claims, both legal and equitable." *Badillo v. Thorpe*, 158 F.

App'x 208, 213 (11th Cir. 2005). Thus, Plaintiff's claims against Defendant in her capacity as a judge are barred by Eleventh Amendment immunity.

## IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. Defendant's Motion to Dismiss (Doc. 25) is **GRANTED**.
2. The case is **DISMISSED with prejudice**, and the Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on December 6, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party